UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-4621-KK-SPx** | Date: | August 25, 2026 |
| Title: | ***Bennie Hamilton v. Roller Express Inc. et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Dominique Carr | Not Reported |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction**

On August 14, 2026, plaintiff Bennie Hamilton ("Plaintiff"), proceeding pro se, filed a Complaint against nine named corporate and individual defendants ("Defendants"), asserting various state claims appearing to arise out of his employment. ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). As explained below, Plaintiff fails to allege facts to establish this Court possesses jurisdiction over the action.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006). The party asserting federal jurisdiction bears the burden of proving jurisdiction exists. Me. Cmty. Health Options v. Albertsons Cos., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties. Complete diversity requires each plaintiff to be of a different citizenship than each defendant. Grancare, LLC v. Thrower, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). An individual is a citizen of the state where they are domiciled. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Here, despite naming nine defendants, Plaintiff fails to list or otherwise identify defendants in the body of the Complaint. See Compl. at 6–7. Plaintiff, thus, fails to describe or in any way identify the citizenship of the defendants as required for this Court to assess whether it has jurisdiction. Hence, as alleged, the Court cannot find complete diversity between Plaintiff and each Defendant. In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). Nonetheless, before dismissing this action without prejudice, the Court will allow Plaintiff an opportunity to respond.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** ("OSC") in writing why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. Plaintiff shall file a response to this Order **no later than seven (7) days from the date of this Order**. In light of the OSC, the Court will withhold a ruling on Plaintiff's request to proceed In Forma Pauperis. Dkt. 4. Alternatively, Plaintiff can file a Notice of Voluntary Dismissal, CV-09. The Clerk of Court is ordered to send Plaintiff a copy of the form.

**Plaintiff is expressly warned that failure to timely file a response to this Order will result in this action being dismissed without prejudice for lack of subject matter jurisdiction and/or failure to prosecute and comply with court orders.** See Arbaugh, 546 U.S. at 514; Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**